**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dinesh Gauba,<br><br>    Plaintiff,<br><br>v.<br><br>Florence Hospital, LLC, an Arizona Limited Liability Company; Edward McEachern, as an individual,<br><br>    Defendants. | No. CV12-02439-PHX-DGC<br><br>**ORDER** |

Before the Court is the motion to dismiss filed by Defendant Edward McEachern. Doc. 11. The motion is fully briefed. No party has requested oral argument. For the reasons that follow, the Court will grant the motion.

**I. Background.**

Plaintiff Dinish Gauba loaned Defendant Florence Hospital, LLC ("Florence Hospital") $250,000 pursuant to a Loan Agreement and Promissory Note (the "loan agreement") executed by McEachern on behalf of Florence Hospital on May 17, 2012. Doc. 1 at ¶¶ 6-7. In consideration for the loan, Florence Hospital and McEachern agreed to repay the $250,000 principal sum plus additional fees in the amount of $62,500, on or before May 25, 2012. *Id.* at ¶ 9. The loan agreement states that it "is entered into between: BORROWER: FLORENCE, HOSPITAL, LLC, . . . and LENDER: Dinesh Gauba." *Id.* at 6. The loan agreement provides that Florence Hospital "shall be in default if the entire indebtedness amount is not paid by 5/25/2012." *Id.* at 6. The agreement

also provides that "Borrower's Chairman of the Board, Edward McEachern, MD, will personally guarantee loan for the term of the note in its principal sum of $250,000, additional fees of $62,500, and fees incurred upon the event of Default." *Id.* at 6. The loan agreement is signed "FLORENCE HOSPITAL, LLC, By: Edward McEachern, Manager." *Id* at 7.

Plaintiff wire transferred $250,000 to Florence Hospital on May 17, 2012. *Id.* at ¶ 8. Florence Hospital and McEachern failed to repay the loan by May 25, 2012. *Id.* at ¶ 10. Plaintiff's complaint alleges a breach of contract claim against Florence Hospital and a breach of contract claim against McEachern. Doc. 1 at 2-4.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Generally, the Court will not consider evidence or documents beyond the pleadings when ruling on a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d); *see also Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.

1989). "[M]aterial which is properly submitted as part of the complaint may be considered," *Hal Roach Studios*, 896 F.2d at 1555 n. 19, and "a document is not 'outside' the complaint if the complaint specifically refers to the document and its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). Because the loan agreement was attached to the complaint (Doc. 1 at 6-7), the Court will consider it in ruling on McEachern's motion.

### III. McEachern's Motion.

McEachern argues that the Court should dismiss Plaintiff's claim against him for breach of contract because the claim is barred by the statute of frauds. Doc. 11 at 2. The Arizona statute of frauds provides that "[n]o action shall be brought in any court" to enforce a contract "[t]o charge a person upon a promise to answer for the debt . . . of another" unless the contract "is in writing and signed by the party to be charged." A.R.S. § 44-101(2). Plaintiff alleges that McEachern breached the loan agreement by failing "to meet his obligation as guarantor of Florence Hospital's obligations under the contract." Doc. 1 at ¶¶ 12, 20. McEachern argues that he signed the agreement on behalf of Florence Hospital, and not in an individual capacity, and thus the agreement cannot be charged against him. Doc. 11 at 2 (citing *Ferrarell v. Robinson*, 465 P.2d 610, 612 (Ariz. Ct. App. 1970) ("One who signs an agreement as the agent of a fully disclosed principal is not a party to that agreement and thus incurs no personal liability for the principal's breach of that agreement.")).

Plaintiff argues that McEachern incurred personal liability under the loan agreement because the agreement specifically provides for McEachern, an agent to Florence Hospital, to personally guarantee the loan. Doc. 12 at 5-6. This contention does not, however, displace the statute of frauds because McEachern did not sign the loan agreement in his personal capacity. Doc. 1 at 7. Although Plaintiff submits that it is "morally offensive" "that a signatory should be allowed to avoid his clear and straightforward promise, because he signed his name only once, rather than twice" (Doc.

1 12 at 4), that is what the statute of frauds provides.  The loan agreement was only signed 2 by Florence Hospital — specifically by Edward McEachern as manager of Florence 3 Hospital — and thus the statute of frauds bars Plaintiff's claim against McEachern.

4 Plaintiff argues that the primary purpose exception takes Defendant's guarantee 5 outside the statute of frauds because he "had a personal, immediate and pecuniary interest 6 in the loan and promised to guarantee the loan" because he "is Chairman of the Board of 7 Florence Hospital" and the loan "was to be used for payroll for Florence Hospital's 8 employees."  Doc. 12 at 7.  The primary purpose exception provides that "when the main 9 purpose of the promisor is not to answer for the debt of another, but to obtain a 10 substantial benefit to himself, which he actually secures as the consideration for his 11 promise, then not only is the promise valid though oral, it is supported by good and 12 sufficient consideration."  *Yarbro v. Neil B. McGinnis Equip. Co.*, 420 P.2d 163, 167 13 (Ariz. 1966) (finding that there was sufficient consideration where the creditor had legal 14 right to repossess the subject of its conditional sales contract, but that it forbore from 15 doing so because the defendant promised that he would pay the delinquent installment 16 payments).  Absent from the complaint (Doc. 1) is any allegation relating to why 17 Florence Hospital sought a loan from Plaintiff.  The complaint alleges only that Plaintiff 18 agreed to loan Florence Hospital the sum of $250,000.  Doc. 1 at ¶ 7.  The Court cannot 19 conclude from the complaint or the loan agreement that the primary purpose of 20 McEachern's personal guarantee was for some substantial benefit to himself, or that the 21 guarantee was not made simply to answer for the loan of another.  Accordingly, the Court 22 finds that the primary purpose exception does not take McEachern's personal guarantee 23 outside the statute of frauds.

24 Plaintiff next argues that McEachern is estopped from asserting the statute of 25 frauds defense.  Doc. 12 at 8.  Arizona follows the definition of promissory estoppel set 26 forth in Restatement (Second) of Contracts § 90(1).  *Chewning v. Palmer*, 650 P.2d 438, 27 440 (Ariz. 1982).  The remedy is equitable in nature and is used when a plaintiff is unable 28 to establish an otherwise enforceable contract.  *Double AA Builders, Ltd. Grand State*

*Constr., L.L.C.*, 114 P.3d 835, 843 (Ariz. Ct. App. 2005). "The elements of promissory estoppel are a promise, which the promisor should reasonably foresee would cause the promisee to rely, upon which the promisee actually relies to his detriment." *Contempo Constr. Co. v. Mountain States Tel. & Tel. Co.*, 736 P.2d 13, 16 (Ariz. Ct. App. 1987) (citation omitted). The complaint does allege that "[a]s a material inducement for Plaintiff making the above-described loan, Defendant Edward McEachern, personally guaranteed timely payment of the above loan and the repayment schedule" (Doc. 1 at ¶ 18), and that "Plaintiff relied upon Defendant McEachern's promise to guarantee Florence Hospital LLC's performance of its obligations under the contract and repayment of the loan and fees thereon and would not have entered into the above-described transaction except in reliance upon Defendant McEachern's promise" (*id.* at ¶ 19). Plaintiff has not, however, pled a claim for promissory estoppel. The sole claim against McEachern is for breach of contract. Doc. 1 at 3-4.

Finally Plaintiff argues that the Court should construe the loan agreement to give effect to the parties' intentions, which was "a mutual intention that Defendant McEachern personally guarantee the obligation" and that "the parties intended the document to be binding upon Dr.. [sic] McEachern's single signature." Doc. 12 at 9. But the complaint lacks any allegations about what the parties' intended in having the loan agreement signed by McEachern only in his capacity as Florence Hospital's manager, and Plaintiff's contract construction argument therefore is insufficient to render the breach of contract claim plausible.

**IV.   Leave to Amend.**

Plaintiff requests leave to amend "to allege more specific facts and additional causes of action that will bind Defendant McEachern to the Note" if the Court grants McEachern's motion. Doc. 12 at 9. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court cannot determine that the deficiencies of the complaint could not be cured by amendment and therefore will grant leave to amend.

**IT IS ORDERED:**

1. Defendant McEachern's motion to dismiss (Doc. 11) is **granted**.
2. Plaintiff shall file a first amended complaint on or before **March 21, 2013.**

Dated this 19th day of February, 2013.

David G. Campbell
United States District Judge