**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dinesh Gauba,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Florence Hospital, LLC, an Arizona Limited Liability Company; Edward McEachern, as an individual,<br><br>　　　　　　　Defendants. | No. CV12-02439-PHX-DGC<br><br>**ORDER** |

Before the Court is the motion to dismiss filed by Defendant Edward McEachern. Doc. 16. The motion is fully briefed. Doc. 17, 18. No party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.    Background.**

Plaintiff Dinish Gauba loaned Defendant Florence Hospital, LLC $250,000 pursuant to a Loan Agreement and Promissory Note (the "loan agreement") executed by McEachern on behalf of Florence Hospital on May 17, 2012. Doc. 15 at ¶¶ 11-12. In consideration for the loan, Florence Hospital and McEachern agreed to repay the $250,000 plus additional fees in the amount of $62,500, on or before May 25, 2012. *Id.* at ¶¶ 15-16. The loan agreement states that it "is entered into between: BORROWER: FLORENCE, HOSPITAL, LLC, . . . and LENDER: Dinesh Gauba." Doc. 15-1 at 2. The loan agreement provides that Florence Hospital "shall be in default if the entire indebtedness amount is not paid by 5/25/2012." *Id.*   The agreement also provides that "Borrower's Chairman of the Board, Edward McEachern, MD, will personally guarantee

loan for the term of the note in its principal sum of $250,000, additional fees of $62,500, and fees incurred upon the event of Default." *Id.* The loan agreement is signed "FLORENCE HOSPITAL, LLC, By: Edward McEachern, Manager." *Id* at 3.

Plaintiff wire transferred $250,000 to Florence Hospital on May 17, 2012. Doc 15 at ¶ 15. Florence Hospital and McEachern failed to repay the loan by May 25, 2012. *Id.* at ¶ 17. McEachern sent an email to Plaintiff on July 27, 2012, admitting a personal obligation to make payments on the loan. *Id.* at ¶ 22. Plaintiff's First Amended Complaint ("FAC") alleges a breach of contract claim against Florence Hospital and McEachern, and fraud and promissory estoppel claims against McEachern. *Id.* at 4-7.

**II.   Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Generally, the Court will not consider evidence or documents beyond the pleadings when ruling on a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d); *see also Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989). "[M]aterial which is properly submitted as part of the complaint may be

considered," *Hal Roach Studios*, 896 F.2d at 1555 n. 19, and "a document is not 'outside' the complaint if the complaint specifically refers to the document and its authenticity is not questioned," *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). Because the loan agreement was attached to the complaint (Doc. 15-1 at 1-3), the Court will consider it in ruling on McEachern's motion.

**III.   Plaintiff's Objection.**

Plaintiff's objection, which the Court construes as a motion to strike, requests that Defendant's reply (Doc. 18) be struck as untimely. Doc. 19 at 1. Plaintiff's response to the motion to dismiss was filed on April 16, 2013. Doc. 20 at 1. McEachern's reply was filed ten days later on April 26, 2013. *Id.* Plaintiff argues that Arizona Local Rule 7.2(d) allows only seven days for a reply memoranda to be filed, but Plaintiff fails to account for Rule 6(d) of the Federal Rules of Civil Procedure, which allow for three extra days to file a reply memoranda under Rule 5(b)(2)(e). The reply was timely.

**IV.   McEachern's Motion.**

**A.   Breach of Contract.**

The loan agreement between Plaintiff and Florence Hospital was signed by McEachern as an agent to the Hospital. Doc. 15-1 at 3. The agreement was not signed by McEachern in his personal capacity. *Id.* The Arizona statute of frauds provides that "[n]o action shall be brought in any court" to enforce a contract "[t]o charge a person upon a promise to answer for the debt . . . of another" unless the contract "is in writing and signed by the party to be charged." A.R.S. § 44-101(2). Plaintiff argues that the primary purpose exception to the statute of frauds should apply. Doc. 17 at 5.

McEachern argues that the primary purpose exception does not apply because the primary purpose of the loan was not for his benefit. Doc. 16 at 6. The primary purpose exception provides that "[w]hen the main purpose of the promisor is not to answer for the debt of another, but to obtain a substantial benefit to himself, which he actually secures as the consideration for his promise, then not only is the promise valid though oral, it is

- 3 -

supported by good and sufficient consideration." *Yarbro v. Neil B. McGinnis Equip. Co.*, 420 P.2d 163, 167 (Ariz. 1966). The benefit must be "the primary object of making the promise as distinguished from a benefit which is merely incidental, indirect, or remote." *Id.* at 166.

The FAC alleges the loan was for McEachern "to make the payroll for his hospital, including his earnings." Doc. 15 at ¶ 6. Plaintiff argues that McEachern benefited directly from the agreement because the loan kept the Hospital solvent, and McEachern was the sole owner of the Hospital and Chairman of the Board. Doc. 17 at 5. The loan, which allowed Florence Hospital to make payroll, had the practical effect of allowing McEachern's business to continue operating. A reasonable inference can be drawn that the primary purpose of the personal guarantee was to substantially benefit McEachern. Although this ultimately will be a question of fact to be decided during the course of this case, the Court concludes that the FAC pleads sufficient facts to state a claim for breach of contract against McEachern.

**B.     Fraud.**

Defendant McEachern argues that the fraud claim should be dismissed because Plaintiff did not request, and was not granted, leave to add a fraud claim to the FAC. Doc. 16 at 11-12. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). McEachern argues that the Court's original order provides only that Plaintiff can "'allege more specific facts and additional causes of action that will bind Defendant McEachern to the Note.'" Doc. 16 at 11 (citation omitted). But the excerpt quoted is from Plaintiff's response, not the Court's order. Doc. 12 at 9. The requirement imposed by the order was simply that an amended complaint be filed by March 21, 2013. Doc. 14 at 6. The order did not limit the causes of action that could be asserted in the complaint.

Defendant McEachern argues that the fraud claim is precluded by the economic loss rule. Doc. 16 at 9-11. Economic loss "refers to pecuniary or commercial damage,

including any decreased value or repair costs for a product or property that is itself the subject of a contract between the plaintiff and defendant." *Flagstaff Affordable Housing Ltd. P'ship v. Design Alliance, Inc.*, 223 P.3d 664, 667 (2010). The rule effectively limits a contracting party to contractual remedies for losses that are purely economic in nature. *Id.* at 672. Whether the rule precludes a tort claim depends on "the facts of the case while bearing in mind that tort law is designed to promote the safety of persons and property whereas contract law is designed to protect the parties' expectations." *Cook v. Orkin Exterminating Co., Inc.*, 258 P.3d 149, 153 (Ariz. Ct. App. 2011).

McEachern argues that the representations he made were memorialized in the loan agreement between Florence Hospital and Plaintiff, so that contractual damages preclude tort damages. The economic loss rule, however, is predicated on the existence of a binding contract between the two parties. *Cook*, 258 P.3d at 153. It is not yet clear whether an enforceable contract exists between McEachern and Plaintiff. If the statute of frauds ultimately applies, there will be no binding contract and tort remedies will not be precluded by the economic loss rule. At this stage, the Court cannot dismiss the fraud claim on the basis of the rule.

In Arizona, there are nine elements required to prove actionable fraud: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it should be acted upon by the hearer and in a manner reasonably contemplated, (6) the hearer's ignorance of the falsity, (7) the hearer's reliance on the representation's truth, (8) his right to rely thereon, and (9) his consequent and proximate injury. *Wagner v. Casteel*, 663 P.2d 1020 (Ariz. Ct. App. 1983). Defendant McEachern argues the fraud claim should be dismissed because the FAC fails to state that Plaintiff was ignorant as to the falsity of the representations. Although the FAC does not explicitly allege that Plaintiff was ignorant as to the falsity of the representations, it does allege that McEachern made misrepresentations which induced Plaintiff to sign the loan agreement. Doc. 15 at ¶¶ 33-44. A reasonable inference can be made that Plaintiff would not have signed the loan agreement had he

known that the representations made by McEachern were false. Plaintiff's ignorance as to the falsity of the representations can be inferred from the facts pled.

Defendant McEachern argues that many of the representations alleged in the FAC cannot support a fraud claim because they are future promises or events. Arizona law does not allow fraud to be based on representations which are "unfulfilled promises, expressions of intention or statements concerning future events unless such were made with the present intent not to perform." *Spudnuts, Inc. v. Lane*, 641 P.2d 912, 914 (Ariz. Ct. App. 1982). "[A]n intent not to perform or to deceive must be established independent of a showing of the defendant's failure to perform." *McAlister v. Citibank*, 829 P.2d 1253, 1260 (Ariz. Ct. App. 1992).

In the FAC, Plaintiff lists seven representations which McEachern categorizes as promises of future performance or events: (1) McEachern would personally guarantee the loan; (2) the loan would be used to make payroll; (3) the loan would not go into default; (4) Florence Hospital would not dissolve; (5) the loan would be paid back in a week; (6) shares would be transferred into escrow; and (7) Plaintiff would have first administrative rights to post-petition collateral. Doc. 15 at ¶¶ 34- 36, 38-41. These representations are dependent on Florence Hospital or McEachern's future actions, but the FAC alleges that "Defendant McEachern also knew that the representations he made, as stated in this Complaint, were false at the time he made them[.]" Doc. 15 at ¶ 43. These allegations, taken as true, are sufficient to state a claim.

### C. Promissory Estoppel.

Arizona has adopted Section 90(1) of the Restatement (Second) of Contracts. *Double AA Builders, Ltd. v. Grand State Const. L.L.C.*, 114 P.3d 835, 838 (Ariz. Ct. App. 2005). That section provides that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Id.*

Defendant McEachern argues that promissory estoppel is not pled in the

alternative and can only be brought in the absence of a contractual remedy. Promissory estoppel is pled in the FAC as a separate count, which is sufficient to state it as an alternative claim. In addition, whether an enforceable contract exists between McEachern and Plaintiff has not yet been decided. If no such contract exists, promissory estoppel may be available.

The FAC alleges that McEachern promised to guarantee the loan and promised, upon default, to transfer ten shares worth approximately $32,500 per share to the Plaintiff each week. Doc. 15 at ¶¶ 48-49. The FAC also alleges that because of McEachern's promises "it was both reasonable and foreseeable for Plaintiff to rely." Doc. 15 at ¶ 50. Finally, the reasonably expected action was induced, as the loan agreement was signed and $250,000 was lent by Plaintiff to Florence Hospital. All elements of promissory estoppel are properly pled.

### D. Punitive damages must be dismissed.

Defendant McEachern argues that punitive damages must be dismissed because the fraud claim is inadequate. Because the fraud claim has been found sufficient, this argument provides no basis for dismissal.

**IT IS ORDERED** that Defendant McEachern's motion to dismiss (Doc. 16) is **denied**.

Dated this 19th day of June, 2013.

_____
David G. Campbell
United States District Judge